# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRANDI FREDERICK,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:14-CV-700-RDP |
| **SERVICE EXPERTS HEATING & AIR CONDITIONING LLC, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion for Relief from Order Denying Motion to Remand. (Doc. # 26). Plaintiff's Motion argues that the court made two errors in its previous ruling on Plaintiff's Motion to Remand: (1) the court ignored Defendant Equiguard for purposes of evaluating the unanimity of removal because Equiguard had, in fact, been properly served; and (2) the court expanded *Bailey* and the plain language of 28 U.S.C. § 1446 in allowing a later served Defendant thirty days to *consent* to a removal because the statute's language only allows it thirty days to file its own removal. Defendants have responded to the Motion. (Doc. # 31). The court addresses each of Plaintiff's assertions in their reverse order.

Plaintiff's second argument is easily disposed of. Logic dictates that, if a latter-served defendant has thirty days to file its own removal, it also has thirty days to consent to another party's removal. Only in a legal universe where form over substance is championed would a

latter-served defendant be permitted thirty days to file its own removal petition but not have that same time period to consent to a prior removal.[1]

On this issue, Plaintiff's argument is twofold. First, she asserts that the cases cited by the court in its previous ruling (Doc. # 23) are distinguishable, including *Chakra 5, Inc. v. City of Miami Beach,* 968 F.Supp.2d 1210, 1213 (S.D. Fla. 2013). Plaintiff also argues that this court is the only court to allow a latter-served defendant thirty days to remove *or join* in removal.

Admittedly, *Chakra* 5 is not "on all fours" with this case. Nevertheless, it is certainly instructive and the court finds its analysis persuasive. In *Chakra 5*, the City, the earlier-served Defendant, removed the case. Thereafter, individual defendants were served. Judge Altonaga set forth the principle that "[r]equiring the rule of unanimity [to] be satisfied within the same time period in which the last-served defendant may file a notice of removal is not only consistent with circuit precedent, but is also consistent with congressional intent in passing the 2011 Amendments." *Chakra 5,* 968 F.Supp.2d at 1213. Having said that, Judge Altonaga did not actually apply that principle in *Chakra 5*, and doing so would not have affected the outcome of the case. That is, were the principle applied there, it would not have made a difference because the consents of the latter-served defendants were filed after the expiration of the thirty day period for those defendants to file their own removal. *See Chakra 5,* 968 F.Supp.2d at 1214. This court agrees that the deadline to satisfy the rule on unanimity is the same "time period in which the last-served defendant may file a notice of removal." *Chakra 5,* 968 F.Supp.2d at 1213. Therefore, the court declines to alter its ruling based upon this argument.

---

[1] Moreover, in this case, it appears that the removing defendants obtained the latter-served Defendant GE's verbal consent before filing their removal, but failed to have GE file an affirmative expression of that consent. (Doc. # 1 at 4).

2

Plaintiff's first argument, however, requires closer examination. In her Motion, Plaintiff argues that "the record unequivocally demonstrates that Equiguard was served." (Doc. # 27 at 3). In their removal petition, Defendants Service Experts and Freeman asserted that Defendant Equiguard no longer exists because of its dissolution. (Doc. # 1 at 4).

The key legal principle in operation here, and what this court did not fully appreciate when drafting its prior order, is that "'dissolution does not affect the corporation's amenability to service of process.'" *Yezzi v. Hawker Financial Corp.*, 2009 WL 4898380 * 4 (S.D. Ala. 2009) (quoting *Balogh, Osanm, Kramer, Dvorak, Genova & Traub v. Chevy's International, Inc*., 1990 WL 74531 *1 (S.D. N.Y. 1990)). In *Yezzi*, certain defendants removed the case without the consent of all defendants. The removing defendant argued that one non-consenting defendant had not been served, another had been improperly served, and yet another's "consent was not required because it was a defunct corporation and thus merely a nominal party." *Yezzi.*, 2009 WL 4898380 at *1. The *Yezzi* court found that "the removing defendants have not demonstrated either that [the defunct company] is a nominal or formal party or that service on [that company] was legally inadequate." *Yezzi.*, 2009 WL 4898380 at *4. First, the court held that, simply because that defendant had been dissolved, did "not necessarily make suit against it improper." *Yezzi.*, 2009 WL 4898380 at *4. Applying Maryland law, the *Yezzi* court found that suit against a dissolved corporation was allowed. *Id.* There was also a question about whether service on the defunct corporation's registered agent was appropriate. *Id,* As to that question, the *Yezzi* court concluded that, because the removing defendant has provided no authority holding that such service was not effective, and the defendant at issue did not challenge the sufficiency of service

3

upon it, there was "no basis for holding" that the consent of the alleged "defunct" defendant to the removal was not required. *Yezzi.*, 2009 WL 4898380 at *4.

"Under Alabama law, claims against dissolved entities are allowed, under limited circumstances, to the extent of its undistributed assets." *Sallee v. Ford Motor Co.*, 2013 WL 3280325 * 2 (M.D. Ala. 2013) (citing Ala.Code § 10A–1–9.22). The state of Illinois, where Equiguard finds its home, also has a "survival" statute providing "[t]he dissolution of a corporation . . . shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution". 805 Ill. Comp. Stat. 5/12.80. Thus, Plaintiff may proceed against Equiguard because her claim was filed within five years of its 2010 dissolution.

The next question, therefore, is whether service on Equiguard's registered agent was effective. Defendants argue that service was not effective and that, in a suit against a dissolved corporation, service of process is properly had upon one of the directors or trustees. *Railway Fuel Co. v. Ackerman*, 114 So.2d 142, 145 (Ala. 1959); *W.T. Ratliff Co. v. Henley*, 405 So.2d 141, 144 (Ala. 1981); *Eastern Shore Marine, Inc. v. Smith,* 2008 WL 697716 * 1 (S.D. Ala. 2008). However, the Southern District of Alabama recognized that "this default judicial rule could be overcome by legislation expressly addressing service on dissolved corporations." *Eastern Shore Marine,* 2008 WL 697716 at * 1. When *Eastern Shore Marine* was decided, there was no such legislation. However, Ala.Code § 10A-1-5.32 was enacted in 2011. That statutory provision sets forth certain requirements that must be followed in order to change a registered office or agent.

Plaintiff asserts that service evidenced by the return receipt card for Equiguard in the state court record addressed to Equiguard "C/O CT Corporation System," the registered agent listed by the Secretary of State, was effective. Defendants argue that service was not effective as evidenced by correspondence, also contained in the state court file, from CT Corporation returning the served documents stating that "[a]ccording to our records our statutory representation services were discontinued" and returned the papers that were served on it. (Doc. # 1 at 7). Plaintiff submits that CT's Corporation's correspondence was insufficient to establish that its role as agent for service of process was terminated. She argues that resignation or termination of a registered agent is not so easy. She is correct.

Under Ala. Code § 10A-1-5.32, a statutory law that became effective in 2011 and which supersedes the default rule in *Ackerman*, an entity may change its registered agent, but doing so requires notice to the Secretary of State of Alabama. Although CT Corporation states that its "services were discontinued," it is still listed as the registered agent for Equiguard by the Secretary of State and no documentation satisfying the requirements of § 10A-1-5.32 has been presented to the court. Under Ala. Code § 10A-1-5.34, which also became effective in 2011, a registered agent may resign as the registered agent, but notice to both the entity for which it was designated as the agent and to the Secretary of State of Alabama are required. No documentation satisfying the requirements of § 10A-1-5.34 has been presented to this court either. Thus, Plaintiff was well within her right to serve Equiguard at the registered agent for service of process listed with the Secretary of State.

In her Motion, Plaintiff cites *Grimes v. Amtec Corporation*, 2012 WL 3773397 * 9 (N.D. Ala. 2012) for the proposition that a dispute about whether service was proper on a non-

consenting defendant counsels in favor of remand.  In that case, there was a dispute about whether certain defendants who did not consent to removal (and who in fact filed notices stating that they did not consent to removal) had been properly served and, thus, whether their consent was required to satisfy the unanimity rule. Judge Ott's report and recommendation found that the dispute about consent favored remand.  Judge Propst accepted and adopted Judge Ott's report and recommendation, but without comment on the particular issue before the court.  *Grimes v. Amtec Corp.*, 2012 WL 3772508 (N.D. Ala. 2012).  In that case, the dispute about proper service was only one factor, among others, which favored remand. For example, in *Grimes*, there was also a failure to obtain consents from other defendants who had undisputedly been served. *Grimes*, 2012 WL 3773397 * 9.

Defendants further argue that Equiguard's consent was not required because it is a nominal defendant in light of its dissolution and dearth of apparent assets.  The court finds that Equiguard's dissolution certainly raises a question as to whether it is merely a nominal defendant, but that fact has not been conclusively established.  Although Plaintiff may have little luck recovering against Equiguard, that is immaterial to the court's analysis. "'[A] plaintiff's motivation for joining a defendant is not important as long as the plaintiff has the intent to pursue a judgment against the defendant.'"  *Sallee*, 2013 WL 3280325 at *3 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998)).

The burden of establishing that federal removal jurisdiction is proper lies with the party seeking removal to federal court. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Plaintiff is correct that removal statutes are to be narrowly construed and uncertainties must be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108

6

(1941); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). To the extent that there remains any uncertainty as to whether Equiguard was properly served or is a nominal defendant, the court reconsiders its prior ruling and finds that it must resolve any such uncertainty in favor of remand.

Therefore, Plaintiff's Motion for relief from Order Denying Motion to Remand is due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this July 25, 2014.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE